IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,       )
                                 )
v.                               )        No.  06-10190-01-WEB
                                 )
DOMINGO MEDINA-HERNANDEZ,        )
                                 )
                Defendant.       )
                                 )

## Memorandum and Order

This matter came before the court on the defendant's objections to the Presentence Report. The court orally denied the objections at the sentencing hearing of March 26, 2007.  This written memorandum will supplement the court's oral ruling.

I.  *Defendant's Objections*.

The defendant has filed two objections, both of which relate to the PSR's finding that he has a prior felony conviction giving rise to a 16-level enhancement under USSG § 2L1.2(b)(1)(A)(ii). *See* PSR ¶ 23.  The defendant concedes he was convicted of Aggravated Battery as listed in ¶ 40 of the PSR and that the offense constitutes a "crime of violence," but he argues the conviction was not a felony because he was only sentenced to 12 months' imprisonment, and a felony by definition is an offense punishable by imprisonment for *more than* one year.

II.  *Discussion*.

As used in USSG 2L1.2, the term "felony" means any federal, state, or local offense punishable by imprisonment for a term exceeding one year.  USSG § 2L1.2, comment, n. 1(B)(2). Case law now makes clear that this definition includes any offense *punishable* by more than one

year imprisonment, regardless of the actual sentence imposed. *United States v. Hernandez-Garduno*, 460 F.3d 1287, 1293 (10th Cir. 2006). "Thus, what matters is not the classification of the offense nor the actual sentence imposed, but the maximum possible sentence." *United States v. Plakio*, 433 F.3d 692, 694 (10th Cir. 2005). Defendant conceded at the sentencing hearing on March 26, 2007, that under Kansas guidelines in effect at the time of his prior offense he was facing a presumptive sentencing range of 11-13 months on the aggravated battery conviction. The record bears this out. The PSR in the instant case shows the offense was committed in September of 2002 and the defendant pled guilty and was sentenced in 2003. The journal entry of judgment shows he was facing a presumptive sentencing range of 11-13 months, with a presumption of probation. *See* K.S.A. § 21-4704. As Judge Vratil noted in *United States v. Hill*, 2006 WL 3256831 (D. Kan., Oct. 20, 2006), Kansas law in effect after June 2002 authorized a "dispositional departure" by the sentencing judge, meaning a sentence of imprisonment rather than probation could be imposed, as well as a "durational departure," under which the sentence could possibly have been increased above the 13-month presumptive high end.[1] Because the defendant's Aggravated Battery offense was thus

---

[1] There is a series of cases dealing with the effect of Kansas' sentencing guidelines. In *Unites States v. Arnold*, 113 F.3d 1146 (10th Cir. 1997), the court found an offense was punishable by imprisonment for more than one year where the defendant faced a presumptive sentence of eleven months under Kansas guidelines, because the sentencing judge had the power to depart upward if he or she found aggravating factors. In *United States v. Norris*, 319 F.3d 1278 (10th Cir. 2003), the Tenth Circuit again found the possibility of a departure meant the offense was a felony even though the defendant's maximum presumptive sentence was less than a year. In *United States v. Plakio*, 433 F.3d 692 (10th Cir. 2005), the panel noted that in 2000 the Kansas Supreme Court (relying on *Apprendi*) eliminated the ability of Kansas judges to impose departures such that "from June 26, 2000, until June 6, 2002, the date Kansas implemented its new sentencing scheme in Kan. Stat. Ann. § 21-4718 (2003 Cum.Supp.), sentences in Kansas were limited to the maximum presumptive sentence." As a result, the *Plakio* court found a defendant who was sentenced on May 9, 2001, was not convicted of a felony because his maximum presumptive sentence was only eleven months. The panel rejected a dissenting judge's argument that the maximum should be based on what a hypothetical defendant with extensive criminal history could receive, rather than the presumptive

punishable by imprisonment of more than one year, the conviction qualifies as a felony and the 16-level enhancement is appropriate.

III. *Conclusion*.

Defendant's objections to the Presentence Report are DENIED.  The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.  IT IS SO ORDERED this  27th  Day of March, 2007, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge

---

sentence for this particular defendant with little criminal history.  *See also United States v. Thomas*, 171 Fed.Appx. 250 (10th Cir. 2006).  More recently, in *United States v. Lackey*, 2006 WL 3616683 (10th Cir., Dec. 13, 2006), the Tenth Circuit reiterated that "between June 2000 and June 2002, a Kansas defendant's presumptive sentence was also his maximum possible sentence" and that *Plakio* held that "during the period of June 2000 through June 2002, the 'hypothetical' defendant no longer existed."  Finally, in *United States v. Hill*, 2006 WL 3256831 (D. Kan., Oct. 20, 2006), Judge Vratil reviewed these decisions and concluded that the possibility of a departure on a 2005 Kansas conviction meant the defendant was convicted of a crime punishable by more than one year imprisonment, even though his presumptive sentencing range was 9-11 months with a presumption of probation.  Judge Vratil noted that under the amended sentencing scheme effective after June 6, 2002, a Kansas court could impose both a "durational departure" of up to twice the presumptive sentence, and a "dispositional departure" changing the sentence from probation to imprisonment.  Under *Hill* and the other cases set forth above, the defendant in the instant case was convicted of an offense punishable by imprisonment for more than one year.